**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THOMAS FRANK EDMUNDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-75-DES |
| v. | ) | |
| | ) | |
| VETERANS ADMINISTRATION, | ) | |
| DOUG COLLINS, and | ) | |
| DR. MADISON HIBBARD, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Madison Hibbard's ("Hibbard") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5), 12(b)(6) and 12(e), wherein Hibbard asserts Plaintiff has failed to state a claim upon which relief may be granted, this Court lacks subject matter jurisdiction, and several procedural errors exist regarding Pro Se Plaintiff, Thomas Frank Edmundson's ("Plaintiff") Complaint. (Docket No. 11). For the reasons set forth below, Hibbard's Motion to Dismiss is GRANTED.

### I.     Background

On March 12, 2025, Plaintiff filed his Complaint against the Veterans Administration ("VA"), Doug Collins ("Collins"), and Madison Hibbard, asserting that the VA violated Art. 1-3, and 10-11 of the U.S. Constitution and committed "a felony of article 2" (sic). (Docket. No. 2). As to Hibbard, Plaintiff alleges she violated 18 U.S.C. §§ 1964-1970, 1001, 2, 3, and 1002. *Id.* Attached to Plaintiff's Complaint is 2 of 4 pages of a denial letter from the VA (Docket. No. 2-1). The partial letter produced shows that the VA denied Plaintiff benefits for back pain and leg pain after determining that the VA could not establish a link between his claimed disability and his military service. *Id.* Specifically, the letter explained that Plaintiff's back and leg pain was "[b]ased

1

on physical trauma (e.g., blunt force trauma or trauma due to repetitive use)," citing 38 U.S.C. § 1168 and 38 C.F.R. § 3303. *Id*. The only allegation related to Hibbard is a brief sentence in the denial letter stating, "Per VA examination conducted October 5, 2023, Dr. Madison Hibbard opined that your back pain less likely than not (less than 50 percent probability) incurred in or was caused by an in-service injury, event, or illness." *Id*.

On April 4, 2025, Hibbard filed her Motion to Dismiss, alleging "Hibbard is a nurse practitioner who has been contracted with by the VA to provide medical services. The allegations in Plaintiff's Complaint fail to state a claim against her and none of the cited statutes are applicable. Additionally, Plaintiff has failed to meet necessary procedural requirements prior to bringing his suit and his Complaint lacks necessary information." (Docket No. 11 at 2). On April 21, 2025, Plaintiff filed two documents seeking to respond to Hibbard's Motion to Dismiss. Despite these "Responses," Plaintiff does not address the arguments raised in Hibbard's Motion to Dismiss, but rather states that Hibbard has no authority to give an opinion without the proper schooling and that he will take this matter to the Pentagon should this matter be dismissed. (*See* Docket Nos. 12 & 13).

## II.    Analysis

On a Motion to Dismiss, the court must decide whether Plaintiff has alleged "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*

*v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

There are no allegations in Plaintiff's Complaint that would allow this Court to reasonably infer the plausibility of any claim, nor does Plaintiff provide sufficient information to satisfy jurisdictional requirements. Pursuant to Fed. R. Civ. P. 8(a), a pleading that states a claim for relief *must* contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. *Id.* The purpose of these requirements is to provide opposing parties with fair notice of what the claim is and the grounds upon which it rests. *May v. Rottinghaus Co., Inc.*, 394 F. Supp. 3d 1334, 1339 (D. Kan. 2019). The complaint must state the claims "intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Plaintiff's complaint alleges violation of 18 U.S.C. §§ 1964-1970 against Hibbard; however, there are no factual allegations to support this claim. 18 U.S.C. § 1964 is commonly referred to as Racketeer Influenced and Corrupt Organizations Act ("RICO"). "Although § 1964 does allow for the district courts of the United States to have jurisdiction over suits brought by individuals injured by RICO violations, § 1964 makes it clear that such suits may only be maintained under the RICO Act for violations of § 1962." (Docket No. 11 at 4, citing 18 U.S.C. § 1964). Section 1962 prohibits four distinct activities.[1] None of the activities covered under 18

---

[1] Specifically, § 1962 prohibits: (1) the use of income derived from a pattern of racketeering activity to acquire an interest in or to establish an enterprise engaged in or affecting interstate commerce; (2) the acquisition or maintenance of any interest in an enterprise through a pattern of racketeering activity; (3) conducting or participating in the conduct of an enterprise through a pattern of racketeering activity; and (4) conspiring to violate any of these provisions. 18 U.S.C. § 1962(a)-(d).

U.S.C. § 1962 apply to a medical professional's recommendation to the VA regarding VA benefits Thus, 18 U.S.C. § 1962 is irrelevant to the purported facts in this case.

Next, Plaintiff asserts violations of 18 U.S.C. § 1001 (false statements) and 1002 (false documents). These statutes criminalize the making of false statements and submitting false documents in federal matters. Both statutes are criminal statutes and there is not clear Congressional intent to provide a civil remedy which would give Plaintiff a private right of action under either statute and this Court will not imply one. *See Clements v. Chapman,* 189 F.App'x 688, 692 (10th Cir. 2006) (unpublished) (section 1001 does not provide for a private cause of action). Finally, Plaintiff asserts violations of 18 U.S.C. §§ 2-3. Section 2 states, "whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal," and Section 3 states, "whoever, knowing that an offense against the United States has been committed…assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact." 18 U.S.C. §§ 2-3. Once again, these are criminal statutes that apply to crimes against the United States and do not provide a civil remedy making them inapplicable to Plaintiff's claims against Hibbard. (Docket No. 11 at 5). Accordingly, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted, along with failure to comply with the requirements of Fed. R. Civ. P. 8(a).

While the issues with Plaintiff's Complaint might be remedied through the filing of an Amended Complaint, Plaintiff's cause of action should nonetheless be dismissed, because Hibbard is immune from suit. (Docket No. 11 at 5). "[T]he doctrine of sovereign immunity prohibits suits against the United States except in those instances in which it has specifically consented to be sued." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 556 (10th Cir. 2000) (internal quotation marks

omitted). "The [Federal Tort Claims Act ("FTCA")] constitutes a limited waiver of the federal government's sovereign immunity from private suit." *Estate of Trentadue ex rel. Aguilar v. U.S.*, 397 F.3d 840, 852 (10th Cir. 2005). The VA Immunity Statute applies the exclusive remedy available against the United States under the FTCA for damages arising from the provision of medical services by health care employees of the VA. *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing 38 U.S.C. § 7316 (the "VA Immunity Statute")). Under the VA Immunity Statute and FTCA, employees of the VA acting within the course and scope of their employment while performing medical services are immune from suit. *Id.* at 1247.

While Hibbard, a nurse practitioner, was contracted with by the VA to assist in a determination of benefits for VA applicants, the VA exercised sufficient control over her that she should be considered an "employee" within the meaning of the VA Immunity Statute and FTCA. (Docket No. 11 at 7-8). Specifically, she was hired to review charts provided to her by the VA and fill out specific reports as required by the VA to assess whether an applicant's injuries were less likely than not caused by his/her military service. *Id.* at 8. She had no control over which applications she could consider, and all the forms and documents she used, as well as the procedures to be followed, were dictated by the VA. *Id.* In determining whether a contractor may be considered an "employee" under the VA Immunity Statute, the courts apply the "control" test. *See Bird v. U.S.*, 949 F.2d 1079, 1084 (10th Cir. 1991). Under this test, medical practitioners contracted with by the VA to provide medical services may be considered "employees" within the meaning of the VA Immunity Statute if sufficient control was exercised over them by the government. *Id.* (citing *United States v. Logue,* 412 U.S. 521, 528 (1973)) ("A critical element in distinguishing an agency from a contractor is the power of the Federal Government to control the detailed physical performance of the contractor.") (internal citations omitted). The Tenth Circuit

5

has reviewed cases similar in nature to the present matter and determined that a contractor for which a governmental entity sufficient exercised control should be considered an employee within the meaning of the VA Immunity Statute and FTCA. See *Bird v. U.S.,* 949 F.2d 1079, 1084 (10th Cir. 1991); and *Costa v. U.S. Dept. of Veteran's Affairs*, 845 F. Supp. 64, 68 (D.R.I. 1994). This Court declines to deviate from that precedent and finds that Hibbard, as an employee of the VA, is statutorily immune from liability in her individual capacity. Accordingly, Plaintiff's action dismissed pursuant to Fed. R. Civ. P. 12(b)(1), as Plaintiff has failed to establish a waiver of sovereign immunity.

Finally, as Plaintiff's Complaint appears to have been filed in response to his denial of VA benefits, this Court lacks subject matter jurisdiction to review those findings and the denial of his benefits because Plaintiff has failed to first exhaust his administrative remedies. A veteran seeking benefits for disabilities caused or aggravated by their military service must first file a claim with the VA. 38 U.S.C. § 5101(a)(1)(A). A regional office of the VA then determines whether the veteran satisfies all legal prerequisites, including the requirement that military service caused or aggravated the disability. 38 U.S.C. § 511(a). After applying various statutory and regulatory requirements, the regional office issues an initial decision granting or denying benefits. 38 U.S.C. §§ 511(a), 5104(a). A veteran dissatisfied with this decision may appeal within one year to the VA's Board of Veterans' Appeals (Board). 38 U.S.C. §§ 7105(b)(1), 7104(a). A veteran dissatisfied with that court's decision may seek review of any legal issue in the Federal Circuit and ultimately in this United States Supreme Court. 38 U.S.C. § 7292; 28 U.S.C. § 1254(1). Because Plaintiff has failed to comply with the administrative procedures outlined above, this Court lacks subject matter jurisdiction to review the finding and denial of his benefits. Accordingly, Plaintiff's action must be dismissed under Fed. R. Civ. P. 12(b)(1).

### III.    Conclusion

Plaintiff's Complaint fails to state a plausible claim for relief and does not satisfy the pleading requirements of Fed. R. Civ. P. 8. Plaintiff provides no factual allegations that would allow the Court to reasonably infer liability, relying instead on conclusory assertions and citations to statutes that are either inapplicable to the alleged conduct or provide no private civil cause of action. Moreover, Hibbard's conduct as alleged in the Complaint falls within the scope of services performed under the control of the Department of Veterans Affairs, rendering her an "employee" for purposes of the VA Immunity Statute and the Federal Tort Claims Act and therefore immune from suit. Finally, to the extent Plaintiff's claims challenge the VA's denial of benefits, the Court lacks subject matter jurisdiction because Plaintiff has not exhausted the mandatory administrative review process governing veterans' benefits determinations. Accordingly, Hibbard's Motion to Dismiss (Docket No. 11) is GRANTED and Plaintiff's action is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[2]

DATED this 18th day of March, 2026.

_____
D. Edward Snow
United States Magistrate Judge

---

[2] Defendants VA and Collins also filed a Motion to Dismiss on the same grounds argued by Hibbard. (Docket No. 17). Plaintiff did not respond to this Motion to Dismiss. For the same reasons set forth in this Order, the Plaintiff's Complaint as to the VA and Collins are dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1) as Plaintiff has not stated a claims against any of the Defendants and this Court lacks subject matter jurisdiction to even hear this case. Accordingly, for the same reasons contained herein, Defendants VA and Collin's Motion to Dismiss is also GRANTED (Docket No. 17).